DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
3080 Washington St.
San Francisco, CA 94115
(415) 317-7756
david@hrw-law.com

MICHAEL MAIZES (admission *pro hac vice* forthcoming)
MAIZES & MAIZES LLP
2027 Williamsbridge Road – 2nd Fl.
Bronx, NY 10461
(718) 823-4000
michael@maizes.law

ALFRED G. YATES (admission *pro hac vice* forthcoming)
LAW OFFICE OF ALFRED G. YATES, JR., P.C.
300 Mt. Lebanon Boulevard, Suite 206-B
Pittsburgh, PA 15234
(412) 391-5164

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDAH ROSENWALD, CRAIG CHOURAKI-LEWIN, CINDY RUTTER, WILLIAM RUTTER, TRINITY GUEVREMONT, NATASHA GARAMANI, JAMES SMITH, PATRICIA PEREZ, JEANINE ECKERT, AND PRESTON LESCHINS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>vs.<br><br>KIMBERLY CLARK CORPORATION, AND DOES 1-10,<br><br>        Defendants. | Case No.:<br><br><br>**AMENDED COMPLAINT [CLASS ACTION]** |

AMENDED COMPLAINT [CLASS ACTION] - 1

Plaintiffs, Judah Rosenwald, Craig Chouraki-Lewin, Cindy Rutter, William Rutter, Trinity Guevremont, Natasha Garamani, James Smith, Patricia Perez, Jeanine Eckert, and Preston Leschins ("Plaintiffs"), by and through the undersigned counsel, bring this Amended Complaint on behalf of themselves and all other consumers similarly situated throughout the United States (as described in the Class Action Allegations below) against Defendant, Kimberly Clark Corporation ("Kimberly Clark"), and Does 1-10 ("Defendants") for damages, restitution, declaratory and injunctive relief, along with attorneys' fees, and in support thereof state as follows:

## PARTIES, JURISDITION AND VENUE

1.  Plaintiffs Judah Rosenwald, Craig Chouraki-Lewin, Cindy Rutter, William Rutter, Trinity Guevremont, Natasha Garamani, James Smith, Patricia Perez, Jeanine Eckert, and Preston Leschins are consumers who have purchased Kleenex "wet wipes" made by Defendant, Kimberly Clark. Plaintiff Judah Rosenwald was at the time of his purchases, a resident of California, Plaintiff Craig Chouraki-Lewin was at the time of his first purchase, a resident of Washington who is now and was, at the time of his second purchase, a resident of California. Plaintiff Cindy Rutter was at the time of her purchase a resident of Wyoming who has been and currently spends approximately half the year in California. Plaintiff William Rutter was at the time of his purchase a resident of Pennsylvania who also used his mother's product during visits in Wyoming and spends time regularly in California. Trinity Guevremont was at the time of her purchase a resident of Colorado. James Smith was at the time of his purchase a resident of Pennsylvania. Patricia Perez was at the time of her purchase a resident of New York. Jeanine Eckert was at the time of her purchase, a resident of New Jersey. Preston

AMENDED COMPLAINT [CLASS ACTION] - 2

Leschins was at the time of his purchase a resident of Florida. Natasha Garamani was at the time of her purchase a resident of Colorado.

2.     Defendant Kimberly Clark has constructed and operates plants in California such that its contacts are continuous and systemic with and is "at home" in California, and its significant presence justifies the assertion by this Court of general jurisdiction over Kimberly Clark.[1] A Google search for Kimberly-Clark locations in California shows three: two in Ontario and one in Chino. From 1956 through at least 2020, Kimberly Clark operated a manufacturing plant in Fullerton (Kimberly Clark's "Careers" Web page lists Fullerton, CA as a "Manufacturing" location at which jobs are presently available).[2] Key executive personnel operate out of California: LinkedIn shows that Lynda Talamayan is listed as Procurement Manager in Fremont, that Kurt Stitcher is General Counsel and VP Compliance, located in Irvine, that Aileen Zerrudo is identified as Vice President Global Communications, located in Oakland, and that Ellen Brown, Associate General Counsel, Customer Development, is located in the San Francisco Bay Area. "We are hiring! Please share with any superstar paralegals who may be interested in supporting K-C's fantastic US sales team" reads her latest post.

3.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs

_____

[1] On Kimberly Clark's website, Kimberly Clark specifically identifies "California Privacy Rights" among its Statements & Disclosures.

[2] Kimberly Clark is presently seeking an IT Business Analyst- Warehouse Management Systems and a PMO Program Manager in Los Angeles. Glassdoor shows that Kimberly Clark offers Business Analyst and Customer Development Associate positions in Pleasanton. The website Disabledperson.com lists a Senior Sales Account Manager position in San Jose.

AMENDED COMPLAINT [CLASS ACTION] - 3

will further amend this complaint to allege the true names and capacities of these fictitiously named defendants when that information is ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously names defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were directly and legally caused by the aforementioned defendants. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of these "Doe" defendants was the agent and employee of each of the other defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FACTUAL ALLEGATIONS

4.  Kimberly Clark has made, has marketed, and until shortly after the CLRA demand letter issued in this action on September 6, 2019, has sold a product called "Kleenex wet wipes germ removal" throughout the US, sold in drug stores such as Walgreens, CVS, and Rite Aid, online through Amazon, and many other places such as Stop and Shop. The product continues to be available for sale. This product is sold in an orange soft-sided rectangular package. There is an asterisk following the term "germ removal" prominently linked to a "germ" with a frowning face in the upper right-hand portion of the packaging. Immediately below the image of the germ is the prominent phrase "wipes away". To the left, within a bubble, is the representation: "safely wipes away 99% of germs from skin no harsh chemicals". On the back of the package are two separate pictures in blue circles: one showing use to clean hands, and one showing use to clean kitchen pots.

5.  Kimberly Clark has made, has marketed, and until shortly after the CLRA demand letter issued in this action on September 6, 2019 has sold two other versions of the wet wipes

AMENDED COMPLAINT [CLASS ACTION] - 4

product that it differentiates from the "germ removal" product: one, a blue product, labeled "gentle clean" and more specifically, "a gentle clean for hands and face no harsh chemicals," and one, a green product, labeled "sensitive" and more specifically, "fragrance free with aloe & E for hands and face no harsh chemicals." These products continue to be available for sale.

6.     As Kimberly Clark represents that all of the wet wipes products lack "harsh chemicals," the product differentiation is presented by Kimberly Clark in terms of *function*: orange removes germs, blue cleans, and green softens. In other words, all clean but only one removes the germs – 99% of them, specifically.

7.     The "germ removal" product competes with and is informed by products from other manufacturers presented nearby in the given store, many of which advertise language to the effect of "antibacterial hand wipes" and "kills 99.9% of germs," some of which are "alcohol free." For example, there are Wet Ones antibacterial hand wipes, fresh scent, which "Kills 99.99% of Germs," Clorox Disinfecting Wipes product that "kills 99.9% of Viruses & Bacteria," Up&Up's "antibacterial hand wipes" product that "kills 99.9% of common germs," Purell "hand sanitizing wipes" product that is "tough on messes and gentle on hands" and "kills 99.99% of most illness causing germs," and "Honest "keepin' it clean" alcohol wipes advertised to "kill 99.9% of germs" that promise "that feeling of wiping things away." Kimberly Clark's representations are designed to attract the same purchasers who would otherwise purchase products such as these to eliminate germs but, by choosing to purchase Kimberly Clark's "germ removal" product, accomplish the same effect but "safely" and with "no harsh chemicals".

AMENDED COMPLAINT [CLASS ACTION] - 5

8.      The "gentle clean" and "sensitive" wet wipes products compete with and are informed by products from other manufactures presented nearby in the given store, such as Yipes! Face and hand wipes that are "safe for kids, good for everyone," "baby hand and face wipes" made by Johnson and also by Up& Up, the Wet Ones Sensitive Skin hand wipes product that "cleans, with moisturizers" and is "hypoallergenic," WaterWipes made of 99.9% water, FitRight aloe personal cleansing cloths, Seventh Generation Free & Clear Baby Wipes that are for "sensitive skin," as well as Cottonelle flushable wipes that are "refreshing clean" and "shower fresh". These products, both as designed and marketed by Kimberly Clark and its competitors, are basically soap substitutes – whether for convenience or comfort, as opposed to the Kimberly Clark "germ removal" product which competes with alcohol.

9.      But Kimberly Clark misrepresents the "germ removal" characteristic of the orange wet wipes product that, it says, "wipes away 99% of germs from skin."

10.     There are no germicidal ingredients such as alcohol in the "germ removal" product. The only operative ingredients in the product are mild surfactants, i.e., soaps, or cleansers, namely "coco-betaine" and "polysorbate 20."

11.     A reasonable consumer, such as each of the plaintiffs here, does not distinguish between killing and removing germs: the point is that the germs are *gone* and therefore not able to harm.

12.     A reasonable consumer, such as each of the plaintiffs here, believes that a product said to wipe away 99% of germs contains something that is more effective than soap. That is not just because of its reference to germs but because of its 99% language, but because of its

AMENDED COMPLAINT [CLASS ACTION] - 6

orange color (i.e., hospital, or disinfectant), as well as its differentiation from the blue and green products that are clearly marketed as soap substitutes.

13.     Kimberly Clark counts upon the familiarity of a reasonable consumer, such as each of Plaintiffs here, with the 99%, 99.9%, or 99.99% representations of germicidal products to sell what is really just soap, and at a premium over products that merely contain surfactants, or soaps, including other Kimberly Clark wet wipes products. More, Kimberly Clark counts upon the attraction of a reasonable consumer, such as each of Plaintiffs here, to the germicidal language and packaging to convince consumers to purchase this "germ removal" product over alcohol or true germicidal products, and over the choice of purchasing nothing at all but relying upon the common availability of soap at sinks, bathroom and otherwise.

14.     Kimberly Clark does not instruct consumers on the "germ removal" product packaging or otherwise to scrub with the product, as a consumer would expect to use a soap-based product, suggesting effectiveness upon purely topical application suggestive of a germicidal agent that is in fact absent.

15.     Kimberly Clark misrepresents that its "germ removal" wet wipes product has "no harsh chemicals" -- but in fact it contains no chemical "cleanser" in any significant quantity. There are two ingredients in this product that fall into the category of "surfactant," i.e., soap, or a cleanser, but those two "coco-betaine" and "polysorbate 20," but no reasonable consumer would consider, and no plaintiff here did consider, soap to be chemicals.

16.     Kimberly Clark represents that whatever is in its "germ removal" product performs better than the soaps that are in its two other wet wipes products, because while all three

AMENDED COMPLAINT [CLASS ACTION] - 7

products contain surfactants, the blue and green products do not purport to have "germ removal" characteristics.

17. Kimberly Clark further misrepresents its "germ removal" product by explaining on the back of the package, in small hard to read print, that what makes the product "work" is not even soap but rather water itself: "The Cleansing Power of Water…Anytime, Anywhere." But no consumer would reasonably be expected to read the back, or the small print of the product. And further, no reasonable consumer would expect that Kimberly Clark would be selling a "germ removal" product that is just water. Rather, the consumer reasonably expects that there is some "chemical" in the water in the product that eliminates germs but is simply not "harsh" – not as harsh, as say, alcohol. The fact that one or two ingredients are surfactants does not take away from the statement that the effectively "active" ingredient here (albeit concealed) is water.

18. More, when one compares the back of the package writing on the orange "germ removal" product to that of the blue and the green products, all share the same "cleansing" information, i.e., "The Cleansing Power of Water…Anytime, Anywhere." They also share "dermatologically tested," "paraben free," and "hypoallergenic." Specific to the orange package is "safe on skin," which one might reasonably associate more with the blue or the green product. The orange and the green share the label "alcohol free," which curiously is absent from the blue packaging – the only packaging that prominently suggests use for toileting purposes. The orange and green also share the "paraben free" label. Parabens are chemical compounds used for bactericidal and fungicidal properties, absent in all. The green product specifically is "fragrance" and "dye" free. All have a mild surfactant: coco-betane and polysorbate 20 for the "germ removal" product,

AMENDED COMPLAINT [CLASS ACTION] - 8

cocamidoprophyl betane and polysorbate 20 for the "gentle clean" product, and "coco-glucoside for the "sensitive" product. Nothing in the small print on the back either distinguishes the "germ removal" product from the other products or suggests why it does a better job at "germ removal."

19.  Each of the misrepresentations and concealments described above in paragraphs 3-18 was made by Kimberly Clark, knowingly. Kimberly Clark knows that it made and has been marketing the product to consumers who seek to purchase products to protect themselves from germs, bacteria or viruses, who are presented with an array of choices for hand and surface cleansing with varying advertising claims regarding fitness for particular use, many of which target "germs" or "bacteria" or "viruses".  Kimberly Clark knows that its "germ removal" product is still being sold.

20.  Particularly in the time of COVID, Kimberly Clark is aware that consumers are acutely aware of the need to control viruses, especially COVID, that products customarily available on the shelves are often not available due to heightened demand, and that consumers may purchase their product, based upon how it is advertised, despite increasing pricing, with a sense of relief that this product will assist in protection from COVID.

21.  Kimberly Clark knows that consumers want the efficacy of alcohol-based products without the harsh effect on skin alcohol can generate, and so has presented its "germ removal" product as containing alcohol-equivalent effectiveness at eradicating germs but without the alcohol. It does this by using the "99%" number, which is common to alcohol-based products (whether as the more prevalent gels or as wipes) and situating its product alongside them. It does this as well by using the orange color.

22.  Customer testimonials easily available on sites selling this product, such as those hosted by Amazon, as well as the website of Kimberly Clark itself, make such claims, so Kimberly Clark is aware that the "Germ removal" product's reception matches its intended effect.

23.  Consumers, such as Plaintiffs here, think that they have bought a product that eliminates germs just like an alcohol germicide, yet what they have bought is actually just a wipe damp with water and a bit of soap.

24.  Each of the Plaintiffs identified above purchased the "Germ removal" product believing, based upon Kimberly Clark's product's representations, that this product had capabilities that the product does not, in fact, have.

25.  Plaintiffs relied upon the "germ removal" representation beneath the Kleenex "wet wipes" product label on the center of the package:

   a.  to mean that the product was as effective in removing germs (i.e., eliminating the possibility that germs could infect them) as the products advertised as "killing" micro-organisms;

   b.  to mean that the product was as effective as similarly advertised alcohol products;

   c.  to mean that the product was more effective than simply soap; and

   d.  to mean, during the Covid epidemic, that the product was effective against Covid and, specifically, that it was as effective as alcohol and more effective than soap (whether used at a sink or contained in a wipe).

26.  Plaintiffs relied upon the "wipes away" label under the icon of the frowning germ on the front of the package:

AMENDED COMPLAINT [CLASS ACTION] - 10

a. to mean that the product was as effective in removing germs (i.e., eliminating the possibility that germs could infect them) as the products advertised as "killing" micro-organisms;

b. to mean that the product was as effective as similarly advertised alcohol products;

c. to mean that the product was more effective than simply soap; and

d. to mean, during the Covid epidemic, that the product was effective against Covid and, specifically, that it was as effective as alcohol and more effective than soap (whether used at a sink or contained in a wipe).

27. Plaintiffs relied upon the "safely wipes away 99% of germs from skin no harsh chemicals" representation on the front of the package:

a. to mean that the product was as effective in removing germs (i.e., eliminating the possibility that germs could infect them) as the products advertised as "killing" micro-organisms;

b. to mean that the product was as effective as similarly advertised alcohol products;

c. to mean that the product was more effective than simply soap; and

d. to mean, during the Covid epidemic, that the product was effective against Covid and, specifically, that it was as effective as alcohol and more effective than soap (whether used at a sink or contained in a wipe).

28. Plaintiffs relied upon the orange color chosen by Kimberly Clark for this particular "germ removal" product, when compared to its blue and green products:

a. to mean that the product was more effective than simply soap;

b. to mean that the product was as effective as similarly advertised alcohol products; and

AMENDED COMPLAINT [CLASS ACTION] - 11

c. to mean, during the Covid epidemic, that the product was effective against Covid and, specifically, that it was as effective as alcohol and more effective than soap (whether used at a sink or contained in a wipe).

29. Plaintiffs relied upon the well-known consumer Kleenex brand for the truthfulness and accuracy of the representations made.

30. Plaintiffs selected the "germ removal" product based upon these representations, not those on the back of the product, made by text or image, much less did Plaintiffs flip up the packaging flap on the back of the package to read the small print regarding ingredients. Neither Plaintiffs nor any reasonable consumer would have been able to make heads or tails out of the meaning of the ingredients in the product.

31. Each of the foregoing misrepresentations was material: Plaintiffs thought they were purchasing a product that was not simply soap and water and that was as effective as alcohol. If Kimberly Clark had accurately disclosed what this product was and was not, none of the Plaintiffs would have purchased this product.

32. As a result of reviewing Kimberly Clark's representations regarding its Kleenex "wet wipes germ removal" product described above: Mr. Rutter purchased the product in late 2020 via the Amazon website from Pennsylvania; Ms. Perez purchased the products in the Spring of 2020 at CVS and Walgreens in New York; Ms. Garamani purchased the product on January 9, 2021 at CVS in Colorado; Mr. Leschins purchased the product in Florida at Walgreens or CVS in the latter part of 2020; Mr. Rosenwald purchased the product more than once in the March/April 2020 timeframe in a San Francisco Walgreens; Ms. Eckert purchased the product more than once in the February-March 2020 timeframe at Walgreens, Stop and Shop or CVS in New Jersey; Ms. Rutter

purchased the product in late 2020 on Amazon from Wyoming; Mr. Chouraki-Lewin

purchased the product on Amazon in 2020 in Seattle, Washington and again on January

15, 2021 in San Francisco; Ms. Guevremont and Mr. Smith purchased the product in the

latter half of 2020 in drug stores in Colorado and Pennsylvania, respectively.

33.     Plaintiffs are damaged because they received no value for their money. Had they known

what this product actually was, they would not have purchased the product. They simply

would have continued to use soap, readily available at sinks everywhere, and at no cost,

and would have continued to use alcohol gel otherwise. The damages are the full value of

the purchase made. Alternatively, if the law requires their damages to be offset by the

value, if any, actually provided by the product, the damages can be stated as a price

premium – the difference between the price charged by Kimberly Clark for a soap

pretending to be a germicide and the soap that is free at sinks, public and private.

Alternatively still, the premium can be stated as the difference between the relatively low

price of wipes that are marketed as containing only soap and the relatively high price of

Kimberly Clark's "germ removal" product marketed to convey the presence of something

materially different and more effective against germs.

34.     The actual price paid by Plaintiffs is, at this point, difficult for most to recall, because it

was relatively small, part of other drug store or online purchases at the time, purchase

made some time ago, the product is not presently available on drug store shelves to

prompt memory of the precise amount paid and it came in a variety of sizes priced

differently. More, as the Covid pandemic took hold in the Spring of 2020, personal

cleaning products such as the Kleenex "germ removal" wet wipes began disappearing

from the shelves as consumers such as Plaintiffs here increasingly sought to do all they

could to protect themselves from Covid, leading to substantial increases in the price of the product. When Kimberly Clark introduced the product line on May 31, 2018, the suggested retail pricing information it released for three different packaging formats ranged from $0.99 for a single wipe to $2.99 for a packet. Plaintiff Chouraki-Lewin's purchase on January 15, 2021, however, was at the cost of $14.03, for a pack of 48. Pricing information, including that of competitors' products, is in the possession of Kimberly Clark.

35.   Shortly after bringing this potential lawsuit to Kimberly Clark's attention (*see* paragraph 48 below), Kimberly Clark effectively pulled it from the market. To the extent it is still available, were it accurately advertised, each of the plaintiffs would continue to purchase Kleenex products and other Kimberly Clark products. Each of the Plaintiffs continues to be interested in purchasing Kimberly Clark products, yet now does not know whether or not to trust the representations that may be made on or concerning them by Kimberly Clark.

## CLASS ACTION ALLEGATIONS

36.   **Class definition:** All U.S. consumers who have purchased the Kleenex "germ removal" wet wipes product, from any time to the present. Alternatively, all consumers who have purchased the Kleenex "germ removal" wet wipes product, from any time to the present, from the following states: California, Washington, Wyoming, Colorado, Pennsylvania, New York, New Jersey, and Florida. Alternatively, all consumers who have purchased the Kleenex "germ removal" wet wipes product living in states whose consumer protection laws are materially the same as those of California, with particular reference to California's CLRA (see First Claim for Relief below). Alternatively, all consumers who

have purchased the Kleenex "germ removal" wet wipes product living in California, or

who have purchased the product while living in California.

37.    **Numerosity**. There are so many potential class members that individual joinder of class

members is impractical.

38.    **Commonality**. As is clear from paragraphs 1-24, there are questions of law or fact that

apply equally to all purchasers of Kleenex "germ removal" wet wipes product and are

therefore common to class members.

39.    **Typicality**. The claims of the Plaintiffs here, putative class representatives, are typical of

those of absent class members.

40.    **Adequacy of representation**. Class counsel and Plaintiffs intend to fairly and adequately

protect the interests of absent class members. Class counsel is experienced in class action

matters.

## FIRST CLAIM FOR RELIEF

## (CLRA) (California class only)

41.    Plaintiffs incorporate by reference and hereby re-allege the allegations of paragraphs 1-40

of this Amended Complaint as if fully set forth herein.

42.    The conduct set forth constitutes representations that goods have characteristics,

ingredients, uses, benefits, or quantities that they do not have, that goods are of a

particular standard, quality, or grade if they are of another, and advertising goods with

intent not to sell them as advertised, each and all in violation of Cal. Civ. Code §§

1770(a)(5), (7), and (9), each and all to the financial damage of Plaintiffs here in financial

outlay for the Kleenex "germ removal" wet wipes product.

AMENDED COMPLAINT [CLASS ACTION] - 15

43. In particular, the above-mentioned behavior constitutes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale of goods to any consumer are unlawful" under Cal. Civ. Code sec. 1770(a).

44. In particular, the above-mentioned behavior constitutes "[r]epresenting that goods … have characteristics, ingredients, uses, benefits, or quantities that they do not have …" under Cal. Civ. Code sec. 1770(a)(5).

45. In particular, the above-mentioned behavior constitutes "[r]epresenting that goods … are of a particular standard, quality, or grade … if they are of another" under Cal. Civ. Code sec. 1770(a)(7).

46. In particular, the above-mentioned behavior constitutes "[a]dvertising goods … with intent not to sell them as advertised" under Cal. Civ. Code sec. 1770(a)(9).

47. In particular, plaintiff Judah Rosenwald was, at the time of his purchase and is, at present, over the age of 65 and therefore a "senior citizen" protected additionally under section 1780(b).

48. On September 6, 2019, the undersigned sent a CLRA demand letter to Kimberly Clark on behalf of Judah Rosenwald (Exh.1). On October 3, 2019, Kimberly Clark responded without offering to provide appropriate relief.

## SECOND CLAIM FOR RELIEF

### (FAL) (California class only)

49. Plaintiffs incorporate by reference and hereby re-alleges the allegations of paragraphs 1-48 of this Amended Complaint as if fully set forth herein.

AMENDED COMPLAINT [CLASS ACTION] - 16

50.   In particular, the above-mentioned conduct constitutes unlawful business acts or practices
      under the FAL, Section 17500, in that they constitute: "statement[s], … concerning any
      circumstance or matter of fact connected with the proposed performance …, which [are]
      untrue or misleading, and which [are] known, or which by the exercise of reasonable care
      should be known, to be untrue or misleading," each and all to the financial damage of
      Plaintiffs here in financial outlay for the Kleenex "germ removal" wet wipes product.

### THIRD CLAIM FOR RELIEF

### (UCL) (California class only)

51.   Plaintiffs incorporate by reference and hereby re-allege the allegations of paragraphs 1-50
      of this Amended Complaint as if fully set forth herein.

52.   The conduct set forth constitutes "unlawful, unfair or fraudulent business act[s] or
      practice[s] and unfair, deceptive, untrue or misleading advertising and … act[s]
      prohibited by Chapter 1 (commencing with Section 17500)," each and all in violation of
      Cal. Bus. and Prof. Code sec. 17200 and each and all to the financial damage of Plaintiffs
      here in financial outlay for Kleenex "germ removal" wet wipes product.

53.   In particular, the above-mentioned conduct constitutes unlawful business acts or practices
      under the CLRA.

54.   In particular, the above-mentioned conduct constitutes unlawful business acts or practices
      under the FAL.

55.   In particular, the above-mentioned conduct constitutes unfair competition under the
      Lanham Act, 15 U.S.C.S. 1125.

56.   Separately, the above-mentioned conduct constitutes unfair business acts or practices in
      violation of Cal. Bus. and Prof. Code sec. 17200.

AMENDED COMPLAINT [CLASS ACTION] - 17

57. Separately, the above-mentioned conduct constitutes fraudulent business acts or practices in violation of Cal. Bus. and Prof. Code sec. 17200.

58. Separately, the above-mentioned conduct constitutes unfair, deceptive, untrue or misleading advertising," in violation of Cal. Bus. and Prof. Code sec. 17200.

59. Separately, the above-mentioned conduct constitutes "statement[s], … concerning any circumstance or matter of fact connected with the proposed performance …, which [are] untrue or misleading, and which [are] known, or which by the exercise of reasonable care should be known, to be untrue or misleading," in violation of Section 17500 and thereby in violation of Cal. Bus. and Prof. Code sec. 17200.

## FOURTH CLAIM FOR RELIEF

### (WCPA) (Washington class only)

60. Plaintiff Chouraki-Lewin incorporates by reference and hereby re-alleges the allegations of paragraphs 1-59 of this Amended Complaint as if fully set forth herein.

61. The above-mentioned behavior constitutes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of … trade or commence" and are "unlawful" under ARCW section 19.86.020, each and all to the financial damage of Plaintiff here in financial outlay for the Kleenex "germ removal" wet wipes product.

62. The above-mentioned behavior is injurious to the public interest, in that there is an articulated public interest in protecting consumers from false advertising and due to the public nature of the advertising that is alleged herein many individuals have been and are likely to be harmed thereby.

## FIFTH CLAIM FOR RELIEF

### (WCPA) (Wyoming class only)

AMENDED COMPLAINT [CLASS ACTION] - 18

63.   Plaintiff Cindy Rutter incorporates by reference and hereby re-alleges the allegations of paragraphs 1-62 of this Amended Complaint as if fully set forth herein.

64.   The conduct set forth constitutes "deceptive trade practices" unlawful under the WCPA, in particular WCPA §§ 40-12-105(a)(i), (iii), (x) and (xv), each and all to the financial damage of Plaintiff here in financial outlay for the Kleenex "germ removal" wet wipes product.

65.   In particular, the above-mentioned behavior constitutes "[r]epresent[ing] that merchandise has … uses it does not have" under section (a)(i).

66.   In particular, the above-mentioned behavior constitutes "[r]epresent[ing] that merchandise is of a particular standard, grade … if it is not" under section (a)(iii).

67.   In particular, the above-mentioned behavior constitutes "[a]dvertis[ing] merchandise with intent not to sell it as advertised" under section (a)(x).

68.   In particular, the above-mentioned behavior constitutes "[e]ngag[ing] in unfair or deceptive practices" under section (a)(xv).

69.   In particular, Plaintiff Cindy Rutter was, at the time of her purchase and is, at present, over the age of 60 and therefore an "older person" protected additionally under section 40-12-111.

### SIXTH CLAIM FOR RELIEF

### (CCPA) (Colorado class only)

70.   Plaintiff Guevremont incorporates by reference and hereby re-alleges the allegations of paragraphs 1-69 of this Amended Complaint as if fully set forth herein.

71.   The conduct set forth constitutes "deceptive trade practices" unlawful under the CCPA, in particular C.R.S. 6-1-105 §§ (1)(e), (g), (i), (u) and (kkk), each and all to the financial

damage of Plaintiff here in financial outlay for the Kleenex "germ removal" wet wipes product.

72. In particular, the above-mentioned behavior constitutes "knowingly or recklessly mak[ing] a false representation as to the characteristics, ingredients, uses, benefits … of goods" under section (1)(e).

73. In particular, the above-mentioned behavior constitutes "[r]epresent[ing] that goods … are of a particular standard, quality, or grade … if he knows or should know that they are of another" under section (1)(g).

74. In particular, the above-mentioned behavior constitutes "[a]dvertis[ing] goods … with intent not to sell them as advertised" under section (1)(i).

75. In particular, the above-mentioned behavior constitutes "[f]ail[ure] to disclose material information concerning goods … which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction" under section (1)(u).

76. In particular, the above-mentioned behavior constitutes "knowingly or recklessly engag[ing] in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice" under section (1)(kkk).

**SEVENTH CLAIM FOR RELIEF**

**(UTPCPL) (Pennsylvania class only)**

77. Plaintiff William Rutter and Smith incorporate by reference and hereby re-allege the allegations of paragraphs 1-76 of this Amended Complaint as if fully set forth herein.

78. The conduct set forth constitutes "unfair methods of competition" and "deceptive trade practices" unlawful under the UTPCPL, in particular 73 P.S. §§ (4)(v), (vii), (ix), and

(xxi), each and all to the financial damage of Plaintiffs here in financial outlay for the Kleenex "germ removal" wet wipes product.

79.    In particular, the above-mentioned behavior constitutes "[r]epresenting that goods … have … characteristics, ingredients, uses, benefits … that they do not have" under section (4)(v).

80.    In particular, the above-mentioned behavior constitutes "[r]epresent[ing] that goods … are of a particular standard, quality, or grade … if they are of another" under section (4)(vii).

81.    In particular, the above-mentioned behavior constitutes "[e]ngag[ing] in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" under section (4)(xxi).

## EIGHTH CLAIM FOR RELIEF

## (CPDAP) (New York class only)

82.    Plaintiff Perez incorporates by reference and hereby re-alleges the allegations of paragraphs 1-81 of this Amended Complaint as if fully set forth herein.

83.    The conduct set forth constitutes "[d]eceptive acts or practices in the conduct of any business, trade or commerce" under NY CLS Gen Bus section 349(a), to the financial damage of Plaintiffs here in financial outlay for the Kleenex "germ removal" wet wipes product.

84.    The conduct set forth constitutes "false advertising" in that it is labeling of a commodity that is misleading in a material respect under NY CLS Gen Bus sections 350 and 350-a, to the financial damage of Plaintiff here in financial outlay for the Kleenex "wet wipe" product.

**NINTH CLAIM FOR RELIEF**

**(NJCFA) (New Jersey class only)**

85.  Plaintiff Eckert incorporates by reference and hereby re-alleges the allegations of paragraphs 1-84 of this Amended Complaint as if fully set forth herein.

86.  The conduct set forth constitutes "[t]he act, use or employment by any person of an[] unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of an[] material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" and "is declared to be an unlawful practice," to the financial damage of Plaintiffs here in financial outlay for the Kleenex "germ removal" wet wipes product under N.J. Stat. section 56:8-2.

87.  The conduct set forth constitutes "[t]he advertisement of merchandise as part of a plan or scheme not to sell the item … so advertised" is "an unlawful practice," to the financial damage of Plaintiff here in financial outlay for the Kleenex "germ removal" wet wipes product under N.J. Stat. section 56:8-2.2.

**TENTH CLAIM FOR RELIEF**

**(FDUTPA) (Florida class only)**

88.  Plaintiff Leschins incorporates by reference and hereby re-alleges the allegations of paragraphs 1-87 of this Amended Complaint as if fully set forth herein.

89.  The conduct set forth constitutes "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" that are illegal, to the financial damage of Plaintiff here in financial outlay for the Kleenex "germ removal" wet wipes product under Fla. Stat. section 501.204(1).

90.   The conduct set forth constitutes "[t]he advertisement of merchandise as part of a plan or scheme not to sell the item … so advertised" is "an unlawful practice," to the financial damage of Plaintiff here in financial outlay for the Kleenex "germ removal" wet wipes product under Fla. Stat. section 56:8-2.2.

91.   In particular, plaintiff Preston Leschins was, at the time of his purchase and is, at present, over the age of 60 and therefore a "senior citizen" protected additionally under section Fla. Sta. section 501.2077.

### ELEVENTH CLAIM FOR RELIEF

### (Federal Declaratory Judgments Act) (nationwide class)

92.   Plaintiffs incorporate by reference and hereby re-alleges the allegations of paragraphs 1-91 of this Amended Complaint as if fully set forth herein.

93.   Under 28 U.S.C.S. 2201(a) of the Declaratory Judgements Act, Plaintiffs have a present controversy concerning their rights vis-à-vis Defendants and as such are interested parties whose rights can and should be declared by this Court.

94.   Under 28 U.S.C.S. 2202 of the Declaratory Judgements Act, this Court may and should grant "further necessary or proper relief" based upon the declaratory judgment sought, such relief including not just injunctive relief and restitution but damages and attorneys' fees and costs.

### DEMAND FOR RELIEF

95.   WHEREFORE, Plaintiffs prays for judgment against all Defendants that:

a.   To the extent the product is still being marketed and sold, Defendants be preliminarily and permanently enjoined from committing the acts alleged herein as well as be declared in violation of each of these laws;

AMENDED COMPLAINT [CLASS ACTION] - 23

b. Defendants be declared to be in violation of law(s) and separately responsible to Plaintiffs for equitable and financial relief under the Declaratory Judgements Act;

c. Defendants be ordered to pay Plaintiffs' actual, consequential, incidental and special damages;

d. Defendants be ordered to provide restitution to Plaintiffs;

e. Defendants be ordered to pay Plaintiffs' attorneys' fees and costs to the extent available under the statutes sued hereunder and Cal. Code Civ. Proc. § 1021.5;

f. Defendants be ordered to pay statutory damages and/or civil penalties; to the extent available under the statutes sued hereunder;

g. Plaintiffs be awarded punitive damages; and

h. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues triable thereby.

Dated this 20th of January, 2023.

/s/ David M. Rosenberg-Wohl

David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION

AMENDED COMPLAINT [CLASS ACTION] - 24

HERSHENSON
ROSENBERG-WOHL
A PROFESSIONAL CORPORATION
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
(415) 829-4330

September 6, 2019

Kimberly-Clark Corporation

351 Phelps Drive
Irving, TX 75038

401 N. Lake St.
Neenah, WI 54956-2072

c/o CT Corp. System
1999 Bryan St., Ste. 900
Dallas, TX 75201

VIA CERTIFIED/REGISTERED MAIL, RETURN RECEIPT REQUESTED

Re:     Notice under California's CLRA, section 1782

To Whom It May Concern:

This office represents Judah Rosenwald, a California consumer who purchased, in San Francisco County, your product named "Kleenex wet wipes GERM REMOVAL." The prominent notice on the product packaging states: "safely wipes away 99% of germs from skin[,] no harsh chemicals." (An asterisk appears to specifically link the name of the product to the notice.)

The back of the product packaging states: "The Cleansing Power of Water … Anytime, Anywhere."

Mr. Rosenwald purchased this product having been attracted to the packaging, and based on the information presented on that packaging, he expected that this product would allow him to easily wipe a surface and make it as clean as possible. However, the advertising claims on your product appear to be false. The language on the back speaks of "water" as the active cleansing agent – nothing else. No "active ingredient" is listed on the packaging in the small print, and none of the "gentle ingredients" in small print appear to have any cleansing capacity whatsoever.

You appear to be representing that goods have characteristics, ingredients, uses, benefits, or quantities that they do not have, that goods are of a particular standard or quality while they are of another, and advertising goods with the intent not to sell them as advertised – each of which is violation of the California Consumers Legal Remedies Act (the "Act"), set forth specifically at California Civil Code sections 1770(a)(5), (7), and (9).

It appears that Mr. Rosenwald is entitled to actual damages, an injunction, restitution, punitive damages, attorneys' fees, as well as any relief a court might deem proper under section 1780(a) of that Act. Because the conduct described above has caused and will continue to cause damage to other consumers similarly situated, it appears that Mr. Rosenwald may bring an action for the relief described on behalf of not just himself but on behalf of other consumers under section 1781(a) of the Act.

1
EXH. 1

Kimberly-Clark Corporation
September 9, 2019
Page 2

Under section 1782(a)(2) of the Act, Mr. Rosenwald demands that the Kimberly-Clark Corporation correct, replace or otherwise rectify the goods described above in a way that makes him whole, make similarly situated consumers whole, and makes sure that no other consumers are subject to this conduct.

If Kimberly-Clark Corporation has any information or data that supports its representations on and about this product, please provide that information and/or data to the undersigned counsel immediately. This request includes any "clinical study," whether characterized as "proprietary" or not, conducted by Kimberly-Clark Corporation or on its behalf, to prove the truth of the claims made about this product.

Very truly yours,

HERSHENSON ROSENBERG-WOHL, a Professional Corporation

By: _____
David M. Rosenberg-Wohl

