DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
3080 Washington St.
San Francisco, CA 94115
(415) 317-7756
david@hrw-law.com

MICHAEL MAIZES (admission *pro hac vice* forthcoming)
MAIZES & MAIZES LLP
2027 Williamsbridge Road – 2nd Fl.
Bronx, NY 10461
(718) 823-4000
michael@maizes.law

ALFRED G. YATES (admission *pro hac vice* forthcoming)
LAW OFFICE OF ALFRED G. YATES, JR., P.C.
300 Mt. Lebanon Boulevard, Suite 206-B
Pittsburgh, PA 15234
(412) 391-5164

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUDAH ROSENWALD, CRAIG CHOURAKI-LEWIN, CINDY RUTTER, WILLIAM RUTTER, TRINITY GUEVREMONT, NATASHA GARAMANI, JAMES SMITH, PATRICIA PEREZ, JEANINE ECKERT, AND PRESTON LESCHINS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiffs,<br><br>vs.<br><br>KIMBERLY CLARK CORPORATION, AND DOES 1-10,<br><br>            Defendants. | Case No.:   3:22-cv-04993-LB<br><br>**2D AMENDED COMPLAINT [CLASS ACTION]** |

2D AMENDED COMPLAINT [CLASS ACTION] - 1

Plaintiffs, Judah Rosenwald, Craig Chouraki-Lewin, and Cindy Rutter ("Plaintiffs"), by and through the undersigned counsel, bring this Amended Complaint on behalf of themselves and all other consumers similarly situated throughout the United States (as described in the Class Action Allegations below) against Defendant, Kimberly Clark Corporation ("Kimberly Clark"), and Does 1-10 ("Defendants") for damages, restitution, declaratory and injunctive relief, along with attorneys' fees, and in support thereof state as follows:

**PARTIES, JURISDITION AND VENUE**

1. Plaintiffs Judah Rosenwald, Craig Chouraki-Lewin, and Cindy Rutter are consumers who have purchased Kleenex "wet wipes" made by Defendant, Kimberly Clark. Plaintiff Judah Rosenwald was at the time of his purchases, a resident of California, Plaintiff Craig Chouraki-Lewin was at the time of his first purchase, a resident of Washington who is now and was, at the time of his second purchase, a resident of California.

2. Plaintiff Cindy Rutter was at the time of her purchase a resident of Wyoming who has been and currently spends approximately half the year in California, where she has used the product. Plaintiff Rutter may bring her claim against Kimberly Clark in California because there is specific jurisdiction over Kimberly Clark in connection with her claim. Defendant Kimberly Clark purposefully directed its activities to California (among other states), and consummated some transaction with residents of California (as seen with Plaintiffs Rosenwald and Chouraki-Lewin), and purposefully availed itself of the privilege of conducting activities in California and thereby invoking the benefits and protections of its laws; Rutter's claim arises out of and relates to Kimberly Clark's California-related activities; and the exercise of jurisdiction must comport with fair play and substantial justice. Kimberly Clark has constructed and operates plants in California

2D AMENDED COMPLAINT [CLASS ACTION] - 2

and advertises its compliance with its laws.[1] A Google search for Kimberly-Clark locations in California shows three: two in Ontario and one in Chino. From 1956 through at least 2020, Kimberly Clark operated a manufacturing plant in Fullerton (Kimberly Clark's "Careers" Web page lists Fullerton, CA as a "Manufacturing" location at which jobs are presently available).[2] Key executive personnel operate out of California: LinkedIn shows that Lynda Talamayan is listed as Procurement Manager in Fremont, that Kurt Stitcher is General Counsel and VP Compliance, located in Irvine, that Aileen Zerrudo is identified as Vice President Global Communications, located in Oakland, and that Ellen Brown, Associate General Counsel, Customer Development, is located in the San Francisco Bay Area. "We are hiring! Please share with any superstar paralegals who may be interested in supporting K-C's fantastic US sales team" reads her latest post.

3. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will further amend this complaint to allege the true names and capacities of these fictitiously named defendants when that information is ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously names defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were directly and legally caused by the aforementioned

---

[1] On Kimberly Clark's website, Kimberly Clark specifically identifies "California Privacy Rights" among its Statements & Disclosures.

[2] Kimberly Clark is presently seeking an IT Business Analysist- Warehouse Management Systems and a PMO Program Manager in Los Angeles. Glassdoor shows that Kimberly Clark offers Business Analyst and Customer Development Associate positions in Pleasanton. The website Disabledperson.com lists a Senior Sales Account Manager position in San Jose.

2D AMENDED COMPLAINT [CLASS ACTION] - 3

defendants. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of these "Doe" defendants was the agent and employee of each of the other defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FACTUAL ALLEGATIONS

4. Kimberly Clark has made, has marketed, and until shortly after the CLRA demand letter issued in this action on September 6, 2019, had sold a product called "Kleenex wet wipes germ removal" throughout the US, sold in drug stores such as Walgreens, CVS, and Rite Aid, online through Amazon, and many other places such as Stop and Shop. The product continues to be available for sale online.

5. Kimberly Clark has advertised this product as a germicide containing something like alcohol and yet not soap. Four representations emphasize this.

   a. First, the product is sold in an orange package, and orange is a color associated with hospital surgical soap, unlike the blue product, labeled "gentle clean" and more specifically, "a gentle clean for hands and face no harsh chemicals," and the green product, labeled "sensitive" and more specifically, "fragrance free with aloe & E for hands and face no harsh chemicals."

   b. Second, the product is keyed to the term "germ," unlike the advertising Kimberly Clark puts on its companion products, the blue version and the green version.

   c. Third, the product (again, to be distinguished from the blue and green products, is associated with the "99%" removal number commonly associated with alcohol or a germicide. No soap product is so advertised, whether by Kimberly Clark or others. When Kimberly Clark says the product "safely wipes away 99% of germs from skin

no harsh chemicals," the clear indication is that there is some chemical at work here that is more gentle than alcohol but not simply soap.

d. <u>Fourth</u>, the product is a wipe, not a towel. It is called a wet wipe. There are no instructions to scrub as with soap and water or dry as with a towel. (The instructions for use, shown with pictures on the back of the product, show wiping on hands or pots and pans.) The clear representation is that mere contact with surface does the trick.

6. The "germ removal" product is informed by and is designed to compete with products from other manufacturers which Kimbely Clark knows will be presented nearby in any given store, many of which advertise language to the effect of containing chemicals that kill: "antibacterial hand wipes" and "kills 99.9% of germs," containing alcohol or a germicide. For example, there are Wet Ones antibacterial hand wipes, fresh scent, which "Kills 99.99% of Germs," Clorox Disinfecting Wipes product that "kills 99.9% of Viruses & Bacteria," Up&Up's "antibacterial hand wipes" product that "kills 99.9% of common germs," Purell "hand sanitizing wipes" product that is "tough on messes and gentle on hands" and "kills 99.99% of most illness causing germs," and "Honest "keepin' it clean" alcohol wipes advertised to "kill 99.9% of germs" that promise "that feeling of wiping things away." Kimberly Clark's representations are designed to attract the same purchasers who would otherwise purchase products such as these to kill germs but, by choosing to purchase Kimberly Clark's "germ removal" product, accomplish the same effect but "safely" and with "no harsh chemicals" and by "wiping them away." These products destroy germs.

7. The "gentle clean" and "sensitive" wet wipes products compete with and are informed by products from other manufactures which Kimberly Clark knows will be presented nearby

2D AMENDED COMPLAINT [CLASS ACTION] - 5

in any given store, such as Yipes! Face and hand wipes that are "safe for kids, good for everyone," "baby hand and face wipes" made by Johnson and also by Up& Up, the Wet Ones Sensitive Skin hand wipes product that "cleans, with moisturizers" and is "hypoallergenic," WaterWipes made of 99.9% water, FitRight aloe personal cleansing cloths, Seventh Generation Free & Clear Baby Wipes that are for "sensitive skin," as well as Cottonelle flushable wipes that are "refreshing clean" and "shower fresh". These products, both as designed and marketed by Kimberly Clark and its competitors, are basically soap substitutes. Rather than killing germs, they wipe them away with water.

8. But Kimberly Clark misrepresents its orange germ removal product as a germicide when in fact it is just soap and water. Kimberly Clark hides behind "removal" and "cleansing power of water" to explain the product is just soap and water, while its orange color, its anti-germ focus and its 99% alcohol-like labeling market the product to consumers as a germicide. That's a dangerous game in the time of COVID.

9. There are no germicidal ingredients such as alcohol in the "germ removal" product. The only operative ingredients in the product are mild surfactants, i.e., soaps, or cleansers, namely "coco-betaine" and "polysorbate 20."

10. A reasonable consumer, such as each of the Plaintiffs here, does not know that the "germ removal" wet wipes are just soap.

11. A reasonable consumer, such as each of the Plaintiffs here, would expect based upon "germ removal" wet wipes advertising that he or she is buying some sort of chemical germicide that is not soap.

2D AMENDED COMPLAINT [CLASS ACTION] - 6

12. A reasonable consumer, such as each of the Plaintiffs here, does not know how to distinguish among the ingredients in small print on the back of the product those that are germicides from those that are soaps.

13. A reasonable consumer, such as each of the Plaintiffs here, does not associate "removal" exclusively with soap or distinguish between killing germs in place and "wip[ing]" them "out" or "away": the point is that the germs are *destroyed*.

14. A reasonable consumer, such as each of the Plaintiffs here, would expect that if the product were simply soap, "wiping" would not be sufficient but scrubbing would be required.

15. Kimberly Clark counts upon the fact that a reasonable consumer, such as each of Plaintiffs here, associates the 99% representation, the orange color (distinguished from the blue and the green), the anti-"germ" focus of the product, and the fact one does not scrub with the product but simply applies it to a surface, *with germicides*, not soap and water, and will pay a premium for such a product like alcohol whereas a consumer interested in soap would purchase nothing at all but rely upon the common availability of soap at sinks, bathroom and otherwise.

16. Each of the misrepresentations and omissions described above in paragraphs 4-15 was made by Kimberly Clark, knowingly, in an effort to capture part of the alcohol wipe market with a soap product masquerading as a germicide and at a time of COVID. Kimberly Clark knows that it made and has been marketing the product misleadingly to consumers, such as Plaintiffs here, who seek to purchase germicidal products, not soap. Kimberly Clark knows that its "germ removal" product is still being sold.

17. Each of the foregoing misrepresentations and omissions was material: Plaintiffs relied upon the well-known Kimberly Clark Kleenex brand. Plaintiffs thought they were purchasing a product that was a germicide, not simply soap and water. If Kimberly Clark had accurately disclosed what this product was and was not, none of the Plaintiffs would have purchased this product.

18. Particularly in the time of COVID, Kimberly Clark has been and is aware that consumers are acutely aware of the need to control viruses, especially COVID, that products customarily available on the shelves are often not available due to heightened demand, and that consumers may purchase their product, based upon how it is advertised, despite increasing pricing, with a sense of relief that this product will assist in protection from COVID. Particularly early in COVID, when Plaintiffs purchased the product, consumers were desperate to find products that were advertised as germicides and particularly susceptible to claims.

19. As a result of reviewing each of Kimberly Clark's representations and omissions regarding its Kleenex "wet wipes germ removal" product described above: Mr. Rosenwald purchased the product more than once in the March/April 2020 timeframe in a San Francisco Walgreens; Mr. Chouraki-Lewin purchased the product on Amazon in 2020 in Seattle, Washington and again on January 15, 2021 in San Francisco; and Ms. Rutter purchased the product in late 2020 on Amazon from Wyoming and used it in San Francisco, California.

20. Plaintiffs are damaged because they received no value for their money. Had they known what this product actually was, they would not have purchased the product. They simply would have continued to use soap, readily available at sinks everywhere, and at no cost,

and would have continued to use alcohol gel otherwise. The damages are the full value of the purchase made. Alternatively, if the law requires their damages to be offset by the value, if any, actually provided by the product, the damages can be stated as a price premium – the difference between the price charged by Kimberly Clark for a soap pretending to be a germicide and the soap that is free at sinks, public and private. Alternatively still, the premium can be stated as the difference between the relatively low price of wipes that are marketed as containing only soap and the relatively high price of Kimberly Clark's "germ removal" product marketed to convey the presence of something materially different and more effective against germs.

21. The actual price paid by Plaintiffs is, at this point, difficult for most to recall, because it was relatively small, part of other drug store or online purchases at the time, purchase made some time ago, the product is not presently available on drug store shelves to prompt memory of the precise amount paid and it came in a variety of sizes priced differently. More, as the Covid pandemic took hold in the Spring of 2020, personal cleaning products such as the Kleenex "germ removal" wet wipes began disappearing from the shelves as consumers such as Plaintiffs here increasingly sought to do all they could to protect themselves from Covid, leading to substantial increases in the price of the product. When Kimberly Clark introduced the product line on May 31, 2018, the suggested retail pricing information it released for three different packaging formats ranged from $0.99 for a single wipe to $2.99 for a packet. Plaintiff Chouraki-Lewin's purchase on January 15, 2021, however, was at the cost of $14.03, for a pack of 48. Pricing information, including that of competitors' products, is in the possession of Kimberly Clark.

2D AMENDED COMPLAINT [CLASS ACTION] - 9

22. Shortly after bringing this potential lawsuit to Kimberly Clark's attention (*see* paragraph 48 below), Kimberly Clark effectively pulled it from the market. To the extent it is still available, were it accurately advertised, each of the Plaintiffs would continue to purchase Kleenex products and other Kimberly Clark products. Each of the Plaintiffs continues to be interested in purchasing Kimberly Clark products, yet now does not know whether or not to trust the representations that may be made on or concerning them by Kimberly Clark.

## CLASS ACTION ALLEGATIONS

23. **Class definition:** All U.S. consumers who have purchased the Kleenex "germ removal" wet wipes product, from any time to the present. Alternatively, all consumers who have purchased the Kleenex "germ removal" wet wipes product, from any time to the present, from the following states: California, Washington, Wyoming, Colorado, Pennsylvania, New York, New Jersey, and Florida. Alternatively, all consumers who have purchased the Kleenex "germ removal" wet wipes product living in states whose consumer protection laws are materially the same as those of California, with particular reference to California's CLRA (see First Claim for Relief below). Alternatively, all consumers who have purchased the Kleenex "germ removal" wet wipes product living in California, or who have purchased the product while living in California.

24. **Numerosity**. There are so many potential class members that individual joinder of class members is impractical.

25. **Commonality**. As is clear from paragraphs 1-24, there are questions of law or fact that apply equally to all purchasers of Kleenex "germ removal" wet wipes product and are therefore common to class members.

26. **Typicality**. The claims of the Plaintiffs here, putative class representatives, are typical of those of absent class members.

27. **Adequacy of representation**. Class counsel and Plaintiffs intend to fairly and adequately protect the interests of absent class members. Class counsel is experienced in class action matters.

## FIRST CLAIM FOR RELIEF

## (CLRA) (California class only)

28. Plaintiffs incorporate by reference and hereby re-allege the allegations of paragraphs 1-27 of this Second Amended Complaint as if fully set forth herein.

29. The conduct set forth constitutes representations that goods have characteristics, ingredients, uses, benefits, or quantities that they do not have, that goods are of a particular standard, quality, or grade if they are of another, and advertising goods with intent not to sell them as advertised, each and all in violation of Cal. Civ. Code §§ 1770(a)(5), (7), and (9), each and all to the financial damage of Plaintiffs here in financial outlay for the Kleenex "germ removal" wet wipes product.

30. In particular, the above-mentioned behavior constitutes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale of goods to any consumer are unlawful" under Cal. Civ. Code sec. 1770(a).

31. In particular, the above-mentioned behavior constitutes "[r]epresenting that goods … have characteristics, ingredients, uses, benefits, or quantities that they do not have …" under Cal. Civ. Code sec. 1770(a)(5).

32. In particular, the above-mentioned behavior constitutes "[r]epresenting that goods … are of a particular standard, quality, or grade … if they are of another" under Cal. Civ. Code sec. 1770(a)(7).

33. In particular, the above-mentioned behavior constitutes "[a]dvertising goods … with intent not to sell them as advertised" under Cal. Civ. Code sec. 1770(a)(9).

34. In particular, plaintiff Judah Rosenwald was, at the time of his purchase and is, at present, over the age of 65 and therefore a "senior citizen" protected additionally under section 1780(b).

35. On September 6, 2019, the undersigned sent a CLRA demand letter to Kimberly Clark on behalf of Judah Rosenwald (Exh.1). On October 3, 2019, Kimberly Clark responded without offering to provide appropriate relief.

### SECOND CLAIM FOR RELIEF

### (FAL) (California class only)

36. Plaintiffs incorporate by reference and hereby re-alleges the allegations of paragraphs 1-35 of this Second Amended Complaint as if fully set forth herein.

37. In particular, the above-mentioned conduct constitutes unlawful business acts or practices under the FAL, Section 17500, in that they constitute: "statement[s], … concerning any circumstance or matter of fact connected with the proposed performance …, which [are] untrue or misleading, and which [are] known, or which by the exercise of reasonable care should be known, to be untrue or misleading," each and all to the financial damage of Plaintiffs here in financial outlay for the Kleenex "germ removal" wet wipes product.

### THIRD CLAIM FOR RELIEF

### (UCL) (California class only)

38. Plaintiffs incorporate by reference and hereby re-allege the allegations of paragraphs 1-37 of this Second Amended Complaint as if fully set forth herein.

39. The conduct set forth constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising and … act[s] prohibited by Chapter 1 (commencing with Section 17500)," each and all in violation of Cal. Bus. and Prof. Code sec. 17200 and each and all to the financial damage of Plaintiffs here in financial outlay for Kleenex "germ removal" wet wipes product.

40. In particular, the above-mentioned conduct constitutes unlawful business acts or practices under the CLRA.

41. In particular, the above-mentioned conduct constitutes unlawful business acts or practices under the FAL.

42. In particular, the above-mentioned conduct constitutes unfair competition under the Lanham Act, 15 U.S.C.S. 1125.

43. Separately, the above-mentioned conduct constitutes unfair business acts or practices in violation of Cal. Bus. and Prof. Code sec. 17200.

44. Separately, the above-mentioned conduct constitutes fraudulent business acts or practices in violation of Cal. Bus. and Prof. Code sec. 17200.

45. Separately, the above-mentioned conduct constitutes unfair, deceptive, untrue or misleading advertising," in violation of Cal. Bus. and Prof. Code sec. 17200.

46. Separately, the above-mentioned conduct constitutes "statement[s], … concerning any circumstance or matter of fact connected with the proposed performance …, which [are] untrue or misleading, and which [are] known, or which by the exercise of reasonable care

should be known, to be untrue or misleading," in violation of Section 17500 and thereby in violation of Cal. Bus. and Prof. Code sec. 17200.

**DEMAND FOR RELIEF**

47. WHEREFORE, Plaintiffs prays for judgment against all Defendants that:

    a. To the extent the product is still being marketed and sold, Defendants be preliminarily and permanently enjoined from committing the acts alleged herein as well as be declared in violation of each of these laws;

    b. Defendants be declared to be in violation of law(s) and separately responsible to Plaintiffs for equitable and financial relief;

    c. Defendants be ordered to pay Plaintiffs' actual, consequential, incidental and special damages;

    d. Defendants be ordered to provide restitution to Plaintiffs;

    e. Defendants be ordered to pay Plaintiffs' attorneys' fees and costs to the extent available under the statutes sued hereunder and Cal. Code Civ. Proc. § 1021.5;

    f. Defendants be ordered to pay statutory damages and/or civil penalties; to the extent available under the statutes sued hereunder;

    g. Plaintiffs be awarded punitive damages; and

    h. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

///

///

///

///

///

**JURY DEMAND**

Plaintiffs respectfully request a jury trial on all issues triable thereby.

Dated this 11th of September, 2023.

/s/ David M. Rosenberg-Wohl
David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION

HERSHENSON
ROSENBERG-WOHL
A PROFESSIONAL CORPORATION
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
(415) 829-4330

September 6, 2019

Kimberly-Clark Corporation

    351 Phelps Drive
    Irving, TX 75038

    401 N. Lake St.
    Neenah, WI 54956-2072

    c/o CT Corp. System
    1999 Bryan St., Ste. 900
    Dallas, TX 75201

VIA CERTIFIED/REGISTERED MAIL, RETURN RECEIPT REQUESTED

Re:    <u>Notice under California's CLRA, section 1782</u>

To Whom It May Concern:

This office represents Judah Rosenwald, a California consumer who purchased, in San Francisco County, your product named "Kleenex wet wipes GERM REMOVAL." The prominent notice on the product packaging states: "safely wipes away 99% of germs from skin[,] no harsh chemicals." (An asterisk appears to specifically link the name of the product to the notice.)

The back of the product packaging states: "The Cleansing Power of Water … Anytime, Anywhere."

Mr. Rosenwald purchased this product having been attracted to the packaging, and based on the information presented on that packaging, he expected that this product would allow him to easily wipe a surface and make it as clean as possible. However, the advertising claims on your product appear to be false. The language on the back speaks of "water" as the active cleansing agent – nothing else. No "active ingredient" is listed on the packaging in the small print, and none of the "gentle ingredients" in small print appear to have any cleansing capacity whatsoever.

You appear to be representing that goods have characteristics, ingredients, uses, benefits, or quantities that they do not have, that goods are of a particular standard or quality while they are of another, and advertising goods with the intent not to sell them as advertised – each of which is violation of the California Consumers Legal Remedies Act (the "Act"), set forth specifically at California Civil Code sections 1770(a)(5), (7), and (9).

It appears that Mr. Rosenwald is entitled to actual damages, an injunction, restitution, punitive damages, attorneys' fees, as well as any relief a court might deem proper under section 1780(a) of that Act. Because the conduct described above has caused and will continue to cause damage to other consumers similarly situated, it appears that Mr. Rosenwald may bring an action for the relief described on behalf of not just himself but on behalf of other consumers under section 1781(a) of the Act.

1

EXH. 1

Kimberly-Clark Corporation
September 9, 2019
Page 2

Under section 1782(a)(2) of the Act, Mr. Rosenwald demands that the Kimberly-Clark Corporation correct, replace or otherwise rectify the goods described above in a way that makes him whole, make similarly situated consumers whole, and makes sure that no other consumers are subject to this conduct.

If Kimberly-Clark Corporation has any information or data that supports its representations on and about this product, please provide that information and/or data to the undersigned counsel immediately. This request includes any "clinical study," whether characterized as "proprietary" or not, conducted by Kimberly-Clark Corporation or on its behalf, to prove the truth of the claims made about this product.

Very truly yours,

HERSHENSON ROSENBERG-WOHL, a Professional Corporation

By: _____
David M. Rosenberg-Wohl

